UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| Allanna Warren, <br><br>             Plaintiff, <br><br> vs. <br><br> Pentagon Federal Credit Union., <br><br>             Defendants. | 2:23-cv-02007-JAD-MDC <br><br> **ORDER** |

Pending before the Court is pro se plaintiff, Allanna Warren's, application to proceed *in forma pauperis* ("IFP") (ECF No. 2), *Motion to Expedite* (ECF No. 6), *Motion for Charges for Perjury and Affidavit* (ECF No. 8), *Motion for Additional Damages* (ECF No. 11), *Motion for Recusal of Defendant's Counsel* (ECF No. 14), *Motion to Expedite* (ECF No. 20), *Motion for Sanctions and Additional Damages* (ECF No. 21), and *Motion for Sanctions and Additional Damages* (ECF No. 23).

**I.      Plaintiff's IFP Application**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. See, e.g., *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, more information is needed, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. See e.g. *Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 215CV01370MMDPAL, 2016 WL 7493981, at 3 (D. Nev. Nov. 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 215CV001370MMDPAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016).

Although Ms. Warren has completed the short form IFP (ECF No. 2), the Court cannot determine whether she qualifies for IFP status. Ms. Warren has indicated that she receives unemployment benefits and takes home $2023.20 per month. ECF No. 2 at 2. Ms. Warren has also indicated that she receives no other form of payment, nor does she have any money in her checking or savings account. ECF No. 2 at 2-3. Ms. Warren also indicated that she supports her mother. *Id.* at 3. While the Court does take these factors into consideration, the Court also looks to Ms. Warren's response to question 6. Ms. Warren indicated that she spends $1600 for rent, $250 for utilities, $100 for student loan payments, and $73.20 for food per month. *Id.* However, the Court notes that the payments indicated total exactly to her monthly unemployment benefits. The Court finds it cannot make a determination of IFP status based on the information provided in the short form and directs plaintiff to submit the long-form IFP.

**II.     Denied under Local Rule IC 2-2(b)**

Ms. Warren currently has the following motions pending: (1) Motion for Charges for Perjury and Affidavit (ECF No. 8)[1]; (2) Opposition to Motion to Dismiss and Motion for Additional Damages (ECF No. 11); and (3) Motion for Sanction and Additional Damages (ECF Nos. 21 and 23). Each of the listed motions are in violation of LR IC 2-2(b), which states that for "each type of relief requested or purpose of the document, a separate even must be selected for that document." For example, "a separate document must be filed for a response to a motion and a counter motion, with the appropriate even selected for each document, rather than filing a response and a countermotion in one document." *Id.*  The Court denies the below motions for failure to comply with LR IC 2-2(b):

---

[1] Although plaintiff titles the document as Plaintiff Affidavit and Motion for Charges for Perjury, the Court liberally construes the document as a Motion for Charges for Perjury and a Motion for Sanctions. "A document filed pro se is "to be liberally construed" and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citations omitted). Here, plaintiff asks the Court to persecute defendants and lawyers for perjury and to sanction defendants, as a punitive damage. ECF No.8 at 3.

3

1. Motion for Charges of Perjury and Affidavit (ECF No. 8)
2. Opposition to Motion to Dismiss and Motion for Additional Damages (ECF No. 11)
3. Motion for Sanctions and Additional Damages (ECF Nos. 21 and 23)

### III.  Motions to Expedite – ECF Nos. 6 and 20

Ms. Warren currently has two *Motion to Expedite* pending. ECF Nos. 6 and 20. The first *Motion to Expedite* (ECF No. 6) is superseded by the second *Motion to Expedite* (ECF No. 20). Therefore, the Court DENIES Ms. Warren's first *Motion to Expedite* (ECF No. 6) as moot.

The Court next discusses Ms. Warren's second *Motion to Expedite* (ECF No. 20). "Criminal cases have priority, and, in the absence of a true emergency, all motions filed in civil cases are processed in the order in which they are filed. Filing requests to expedite rulings and duplicat[ive] or emergency motions will not speed up the process. In fact, such requests actually slow the process because it creates more motions and triggers another round of briefs filed." *Warren v. Las Vegas Metro. Police Dep't,* 2023 U.S. Dist. LEXIS 184419, at 11 (D. Nev. Oct. 12, 2023) (citing *Picozzi v. Clark Cnty. Detention Center*, No. 2:15-cv-00816, 2016 U.S. Dist. LEXIS 151870, 2016 WL 6518627, at *3 (D. Nev. Nov. 2, 2016)). Although Ms. Warren states that she is "suffering irreparable harm to her credit, mental health, and health in general" she has yet to demonstrate sufficient cause to address her case on an expedited basis. *See Choate v. Weidick*, No. 2:18-cv-01958, 2019 U.S. Dist. LEXIS 100946, at 1 (D. Nev. June 12, 2019) ("Plaintiff has not identified any reasons why it should screen Plaintiff's complaint before it screens the many civil rights complaints that other prisoners filed before Plaintiff initiated this action. The Court finds no basis for delaying the screening of other prisoners' complaints in order to expedite the screening of Plaintiff's complaint.").

Even when liberally construing Ms. Warren's Motion as a Motion for Pre-trial Conference, the Court finds no basis for granting the request. In her *Motion to Expedite*, Ms. Warren cites to Local Rule 16-2, which states that a "party may at any time make a written request for a pretrial conference to expedite

disposition of any case, particularly one that is complex or in which there has been a delay." Ms. Warren has not yet demonstrated that her case is any more complex than the other pending cases before this court. Ms. Warren's case against Pentagon Federal Credit Union ("PENFED") involves credit dispute, and although the Court is sympathetic towards her plight, it does not find the case particularly complex. Furthermore, Ms. Warren filed the first *Motion to Expedite* (ECF No. 6) on December 12, 2023, only eight days from when she filed her complaint on December 4, 2023 (ECF No. 1-1). Ms. Warren filed her second *Motion to Expedite* (ECF No. 20) on January 10, 2024, less than a month after she filed her first *Motion to Expedite*, and before the Court addressed the first Motion. The Court finds that there has been no such delay to warrant granting her either the *Motion to Expedite* or a *Motion for Pre-trial Conference*. Accordingly, the Court denies her *Motion to Expedite* (ECF No. 20).

**IV.     Motion for Recusal of Defendant's Counsel (ECF No. 14)**

The Court liberally construes the *Motion for Recusal of Defendant's Counsel* (ECF No. 14) to be a *Motion to Disqualify Defendant's Counsel*.  The Motion for Recusal includes language that specifies disqualification of an attorney. ECF No. 14 at 1. Disqualification of counsel is a drastic measure which courts should hesitate to impose except when absolutely necessary. *Switch Communs. Group v. Ballard*, 2011 U.S. Dist. LEXIS 98308, at 4-5 (D. Nev. Aug. 31, 2011) (citing *United States v. Titan Pacific Constr. Corp.*, 637 F.Supp. 1556, 1562 (W.D.Wash. 1986)). Motions to disqualify opposing counsel are subject to particularly strict judicial scrutiny because there is a significant possibility of abuse for tactical advantage. *Id.* Attorney disqualification is a matter of state law. *In re County of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000). The burden of proof is on the moving party to present sufficient facts justifying disqualification. *United States v. Walker River Irrigation Dist.*, No. 3:73-cv-127, 2006 U.S. Dist. LEXIS 95342, at 3 (D. Nev. Mar. 10, 2006) (citing *Colyer v. Smith*, 50 F. Supp. 2d 966, 967 (C.D. Cal. 1999)). Thus, "[a] motion to disqualify should be accompanied by declarations and admissible evidence sufficient

5

to establish the factual predicate upon which the motion depends." *Colyer*, 50 F. Supp. 2d at 967. As a general rule, courts will not disqualify an attorney for conflict of interest unless the client, whether former or current, moves for disqualification. *Sentry Select Insurance Co. v. Meyer*, 2011 U.S. Dist. LEXIS 36290, at 7-8 (D.Nev. 2011); *In re Yarn Processing Patent Validity Litigation*, 530 F.2d 83, 88 (5th Cir. 1976). The court in *Sentry*, quoting *United States v. Walker River Irrigation District*, 2006 U.S. Dist. LEXIS 95342, 2006 WL 618823 (D.Nev.2006), states, however, that a non-client may move to disqualify an attorney for conflict of interest under limited circumstance:

> The current standard applied to non client motions to disqualify articulated in *Colyer v. Smith* [50 F.Supp.2d 966, 967 (C.D.Cal. 1999)] requires a non client to show they have a "personal stake in the motion," *Id*. at 971, because of an "ethical breach [that] so infects the litigation ... that it impacts the moving party's interest in a just and lawful determination of her claims...." *Id*. This is a two-step inquiry, and the alleged injury to the non client movant must be "(a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id*. at 973. This standard assures that non clients will not abuse the state rules of professional responsibility by using them as tactical measures to harass the opposition or cause delay.

*Id.* at 6.

Ms. Warren asserts that the basis for disqualification stems from her allegation that "both attorneys knew or should have known" about the falsity of the email confirmation and the falsity of the statement of notification. *Id.* at 2. Ms. Warren also asserts that the basis for disqualification stems from violation of the code of conduct to not redact highly sensitive information. *Id.* at 3. Ms. Warren asserts that the failure to redact was done to harass her. *Id.* However, Ms. Warren has not provided any such evidence regarding these allegations, nor has she established a concrete injury as required by the Court in *Coyler*. Mere allegations without evidentiary support is not sufficient. Accordingly, the Court denies Ms. Warren's *Motion to Disqualify Defendant's Counsel.*

//

//

### V. Notice to Plaintiff

The Court addresses Ms. Warren's filings. Ms. Warren's excessive filing of motions and requests impede the court's ability to proceed with this litigation in an expedient fashion. Ms. Warren is hereby formally cautioned that a litigant proceeding in forma pauperis may suffer restricted access to the court where it is determined that he has filed excessive motions in a pending action. *DeLong v. Hennessey*, 912 F.2d 1144 (9th Cir. 1990); *see also Tripati v. Beaman*, 878 F2d 351, 352 (10th Cir. 1989). The Court again directs Ms. Warren to refrain from excessive filing. If Ms. Warren files any duplicative motion requesting the same relief as requested in a previously filed motion that has previously been considered and denied, the Court may strike the motion without additional comment.

ACCORDINGLY,

IT IS ORDERED that Plaintiff's IFP application is DENIED WITHOUT PREJUDICE. Plaintiff is ordered to complete the long-form IFP application or pay the full filing fee by **Friday, March 8, 2024.**

IT IS FURTHER ORDERED that Plaintiff's *Motion for Charges of Perjury and Affidavit* (ECF No. 8) is DENIED for failure to comply with LR IC 2-2(b).

IT IS FURTHER ORDERED that Plaintiff's *Opposition to Motion to Dismiss and Motion for Additional Damages* (ECF No.11) is DENIED for failure to comply with LR IC 2-2(b).

IT IS FURTHER ORDERED that Plaintiff's *Motion for Sanctions and Additional Damages* (ECF Nos. 21 and 23) is DENIED for failure to comply with LR IC 2-2(b).

IT IS FURTHER ORDERED that Plaintiff's *Motion to Expedite* (ECF No. 6) is DENIED AS MOOT.

IT IS FURTHER ORDERED that Plaintiff's *Motion to Expedite* (ECF No. 20) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's *Motion for Recusal of Defendant's Counsel* (ECF No. 14) is DENED.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 8th day of February 2024.

_____
Maximiliano D. Couvillier III
United States Magistrate Judge