# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Allanna Warren, | 2:23-cv-02007-JAD-MDC |
| Plaintiff(s), | |
| vs. | **Order** |
| Pentagon Federal Credit Union, | |
| Defendant(s). | |

Pending before the Court is plaintiff Allanna Warren's various Motions: *Motion to Compel* (ECF No. 35); *Motion for Sanctions* (ECF No. 40); *Motion for Additional Damages* (ECF No. 44); and *Motion for Charges of Perjury* (ECF No. 45). Also pending before the Court is defendant Pentagon Federal Credit Union's ("PENFED") *Motion to Stay Discovery* (ECF No. 37). The Court DENIES WITHOUT PREJUDICE the pending motions.

## I.    **Plaintiff's Complaint (ECF No. 2-1) has not been screen as required by 28 U.S.C. § 1915(e).**

Plaintiff's IFP application was denied without prejudice and plaintiff was ordered to file a long-form IFP or pay the filing fee by March 8, 2024. ECF No. 31. The Complaint will not be screened until her IFP status has been determined by complying with the Court's Order to either file a long-form IFP or pay the full filing fee. ECF No. 31. The pending motions will not be decided until the Court has determined whether a claim upon which relief can be granted has been stated. It is difficult and time-consuming work to produce a screening order, which decides whether the complaint states a claim, and if not, provide guidance to a pro se plaintiff to cure any noted defects and to file an amended complaint. The court has hundreds of active cases. Criminal cases have priority and, in the absence of a true emergency, motions filed in civil cases are processed in the order in which they are filed. Filing premature motions like these actually slows the process because it creates more motions that require decisions. In short, each plaintiff

must wait his or her turn. *See Cono v. Loiacono*, 2018 U.S. Dist. LEXIS 179029, at 5 (D. Nev. Oct. 17, 2018).

## II.     NOTICE TO PLAINTIFF

The Court once again addresses Ms. Warren's filings. Ms. Warren's excessive filing of motions and requests impede the court's ability to proceed with this litigation in an expedient fashion. Ms. Warren is hereby formally cautioned for a second time that a litigant proceeding in forma pauperis may suffer restricted access to the court where it is determined that he has filed excessive motions in a pending action. *DeLong v. Hennessey*, 912 F.2d 1144 (9th Cir. 1990); *see also Tripati v. Beaman*, 878 F2d 351, 352 (10th Cir. 1989). The Court again directs Ms. Warren to refrain from excessive filing.

ACCORDINGLY,

 **IT IS ORDERED that:**

1. *Motion to Compel* (ECF No. 35) is DENIED WITHOUT PREJUDICE as premature

2. *Motion for Sanctions* (ECF No. 40) is DENIED WITHOUT PREJUDICE as premature

3. *Motion for Additional Damages* (ECF No. 44) is DENIED WITHOUT PREJUDICE as premature

4. *Motion for Charges of Perjury* (ECF No. 45) is DENIED WITHOUT PREJUDICE as premature

5. *Motion to Stay Discovery* (ECF No. 37) is DENIED WITHOUT PREJUDICE as premature

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. Thomas v. Arn, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991); Britt v. Simi Valley United Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

DATED this 4th day of March 2024.

IT IS SO ORDERED.

_____
Maximiliano D. Couvillier III
United States Magistrate Judge