# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Allanna Warren, | 2:23-cv-02007-JAD-MDC |
| Plaintiff(s), | |
| vs. | **Order** |
| Pentagon Federal Credit Union, | |
| Defendant(s). | |

Pending before the Court are pro se plaintiff Allanna Warren's *Third Motion for Sanctions* (ECF No. 57), *Motion for Charges for Perjury* (ECF No. 58), and *Motion/Application to Proceed In Forma Pauperis* ("IFP") (ECF No. 60). The Court strikes the *Motion for Sanctions* (ECF No. 57) and *Motion for Charges for Perjury* (ECF No. 58). The Court denies the IFP application (ECF No. 60).

## DISCUSSION

### I. IN FORMA PAUPERIS

On December 4, 2023, plaintiff filed an IFP application (ECF No. 1). The Court denied her IFP application because it could not determine her status based on the information provided and ordered her to either file the long-form IFP or pay the full filing fee by March 8, 2024. ECF No. 31. Plaintiff did not comply with the Order. Plaintiff filed another IFP application on March 25, 2024 (ECF No. 60). However, plaintiff filed a short-form IFP application, not a long-form IFP application as ordered by the Court. Therefore, the Court denies her IFP application for failure to comply with the Court's Order to file a long-form IFP. The Court will give plaintiff one final chance to submit a long-form IFP that complies with the Court's Order (ECF No. 31).

### II. PENDING MOTIONS

Shortly after filing her IFP application (ECF No. 1) and her Complaint (ECF No. 1-1), plaintiff filed numerous Motions (ECF Nos. 6, 8, 11, 14, 16, 20, 21, and 23). The Court denied those Motions

and warned plaintiff not to file Motions as it impeded the Court's ability to proceed with the litigation. ECF No. 31. Plaintiff then filed a series of Motions (ECF Nos. 35, 40, 44, and 45) despite the Court's Order and warning. The Court denied those Motions as premature and ordered plaintiff not to file Motions until her Complaint (ECF No. 1-1) had been screened. The Court also warned plaintiff that Motions may be stricken without comment. ECF Nos. 31 and 51. Plaintiff then filed her *Motion for Sanctions* (ECF No. 57) and her *Motion for Charges for Perjury* (ECF No. 58). Plaintiff's Complaint has not been screened since plaintiff has not yet complied with the Court's Order (ECF No. 31) to file a long-form IFP. The district courts have inherent authority to control their dockets and to "achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, In*c., 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991). This inherent authority gives district courts the power to strike redundant and immaterial filings from the docket. *E.g., Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (explaining that district courts have inherent authority to "strike items from the docket as a sanction for litigation conduct"). Therefore, the Court strikes the pending Motions (ECF No. 57 and 58).

ACCORDINGLY,

**IT IS ORDERED that:**

1. Plaintiff's IFP application (ECF No. 60) is DENIED WITHOUT PREJUDICE.
2. **Plaintiff must either submit a long-form IFP that complies with the Court's Order (ECF No. 31) or pay the full filing fee by Monday, May 6, 2024.** Failure to comply with this Order may result in a recommendation that the case be dismissed.
3. Plaintiff's *Third Motion for Sanctions* (ECF No. 57) be stricken.
4. Plaintiff's *Motion for Charges for Perjury* (ECF No. 58) be stricken.
5. Plaintiff is Ordered not to file any Motions until her Complaint (ECF No. 1-1) has been screened.

6. Plaintiff may be sanctioned if plaintiff continues to disobey the Court's orders prohibiting her from filing Motions until her IPF has been approved and her Complaint screened. Such sanctions may include, without limitation, plaintiff being designated a vexatious litigant, which imposes restrictions on plaintiff filing other actions.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn,* 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file a written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

DATED this 5th day of April 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge