UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Allanna Warren,<br><br>　　Plaintiff<br>v.<br><br>Pentagon Federal Credit Union,<br><br>　　Defendant | Case No.: 2:23-cv-02007-JAD-MDC<br><br>**Order Dismissing and Closing Case for Failure to Comply with Court Orders and Denying as Moot Defendant's Motion to Dismiss**<br><br>[ECF No. 7] |

　　Pro se plaintiff Allanna Warren sues Pentagon Federal Credit Union for placing her past-due account in delinquency when she was trying to negotiate some alternative payment plan.[1] Warren filed an application for leave to proceed in forma pauperis (IFP) in this case, but the magistrate judge denied it because he could not "determine whether she qualifies for IFP status" from the short-form application she submitted.[2] The magistrate judge ordered Warren to file a long-form application with more information to aid the court's determination.[3] Instead, Warren filed a barrage of frivolous motions, notices, and documents demanding that the court expedite this case, accusing the court and defendant's counsel of wrongdoing, and seeking sanctions against defense counsel for a host of perceived misdeeds.[4] The magistrate judge consistently denied those motions, explaining that Warren's habit of excessive filing "impede[s] the court's

---

[1] ECF No. 2-1.

[2] ECF No. 31 at 3.

[3] *Id.*

[4] *See, e.g.*, ECF Nos. 8, 11, 18, 19, 20, 21, 23, 24, 25, 26, 34, 35, 36, 39, 40, 41, 42, 44, 45, 50, 57, 58.

ability to proceed with this litigation in an expedient fashion."[5]  He also informed her that she must file a proper IFP application and that the court must screen her complaint before her case can move forward.[6]  So Warren began appealing almost every order this court issued, despite the fact that none of them were final orders or one of the few types of interlocutory orders that can be immediately appealed.[7]

Warren filed a second IFP application two weeks past its due date, but again filled out the short-form application.[8]  The magistrate judge denied that application and again ordered Warren to fill out the longer form, extending her deadline to do so to May 6, 2024.[9]  He also warned her that failure to do so may result in a recommendation to dismiss this case.[10]  She missed that deadline too and continued filing appeals and prohibited, frivolous motions.  I now dismiss this case because Warren has failed to file a proper IFP application or pay the filing fee and has shown an inability or unwillingness to comply with this court's orders.

---

[5] ECF No. 31.

[6] ECF No. 51; *see also* ECF Nos. 55 (denying Warren's motion for recusal and explaining that her "claims will not move into the litigation phase unless and until that screening occurs"); 66 (striking further motions filed after warning Warren that such motions wouldn't be considered before screening); 69 (striking even more motions as premature and ordering Warren not to file any further motions or documents until the court grants her IFP application and her complaint is screened).

[7] *See, e.g.*, ECF Nos. 32, 33, 52, 56, 70.  The Ninth Circuit has consistently dismissed these appeals.  *See* ECF Nos. 62, 63, 71, 73.  At least one of these appeals is still pending and has not yet been given a case number by the Ninth Circuit.  *See* ECF No. 70.

[8] ECF No. 60.

[9] ECF No. 66.

[10] *Id.* at 2.

**Discussion**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[11] A court may dismiss an action based on a party's failure to obey a court order or comply with local rules.[12] In determining whether to dismiss an action on this ground, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[13]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of the plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.[14] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failures that brought about the court's need to consider dismissal.[15] Courts

---

[11] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[12] *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[13] *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

[14] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[15] *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the

"need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."[16] Because this court cannot operate without collecting reasonable fees, and litigation cannot progress without a plaintiff's compliance with court orders, the only alternative is to enter a third order setting another deadline. But issuing a third order will only delay the inevitable and further squander the court's finite resources. That is particularly true in this case, as Warren has consistently shown a blatant disregard for court orders and has failed to comply with most of them. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

    I also acknowledge that at least one of Warren's appeals of the magistrate judge's interlocutory orders remains pending.[17] While, normally, a district court is "automatically divested of its authority to proceed" with dispositive portions of a case while an interlocutory appeal is pending, the court may certify that such an appeal is frivolous and move forward anyway.[18] Warren's pending appeal challenges the magistrate judge's order striking a response to one of Warren's previously stricken motions and Warren's motion to extend time to reply to that response.[19] This court certifies that the appeal is frivolous because, as Warren has repeatedly been told by the Ninth Circuit, magistrate-judge orders are not final or appealable.[20]

---

"initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*).

[16] *Henderson*, 779 F.2d at 1424.

[17] *See* ECF No. 70.

[18] *See Rodriquez v. Cnty. of L.A.*, 891 F.3d 776, 790–92 (9th Cir. 2018) (citing *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992)).

[19] *See* ECF No. 69.

[20] *See* ECF Nos. 62 (dismissing appeal) (citing 28 U.S.C. § 1291, *In re San Vincente Med. Partners Ltd.*, 865 F.2d 1128, 1131 (9th Cir. 1989) (holding that magistrate-judge orders are not final or appealable)); 63 (same); 73 (dismissing appeal because order denying motion to disqualify judge is not final or appealable).

So because Warren's appeal is "wholly without merit," I dismiss this case despite the pendency of that appeal.[21]

Having thoroughly weighed the required dismissal factors, I find that they weigh in favor of dismissal.  IT IS THEREFORE ORDERED that **THIS ACTION IS DISMISSED** without prejudice based on the plaintiff's failure to pay the filing fee or file a proper *in forma pauperis* application in compliance with the court's orders.  The Clerk of Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**.

IT IS FURTHER ORDERED that defendant Pentagon Federal Credit Union's motion to dismiss **[ECF No. 7] is DENIED as moot**.

_____
U.S. District Judge Jennifer A. Dorsey
May 14, 2024

---

[21] *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1003 n.3 (9th Cir. 2002) (noting that a district court may deem an appeal frivolous only if it is "wholly without merit").